CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA

FEB 07 2012

JULIA ... , CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHNATHEN FREEMAN, II, | ) | |
|     Petitioner, | ) | Civil Action No. 7:12-cv-00060 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Samuel G. Wilson |
|     Respondent. | ) | United States District Judge |

Petitioner Johnathen Freeman, II, proceeding *pro se*, filed this petition for writ of *error coram nobis* challenging an unspecified conviction from the Virginia state courts. However, the writ of *error coram nobis* may not be used to set aside a state conviction. See, e.g., In re Egan, 339 F. App'x 314, 315 (4th Cir. 2009); Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); Rivenburgh v. Utah, 299 F.2d 842, 843 (10th Cir. 1962). Accordingly, the court finds no ground upon which to grant Freeman's petition and, therefore, dismisses this action.[1]

The Clerk is directed to send a certified copy of this opinion to petitioner.

ENTER: This 7th day of February, 2012.

                                              United States District Judge

---

[1] If Freeman wishes to challenge the validity of his state court criminal conviction or sentence, he may do so in a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court notes that, pursuant to 28 U.S.C. § 2244 (d) a 1-year statute of limitations applies when filing a habeas petition.